UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-24-03-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

COREY FERGUSON                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Corey Ferguson's Motion in Limine to prohibit the Government from introducing into evidence at trial the bag of marijuana and approximately $5000 in United States currency seized from his residence on May 15, 2006 (Docket #248). The Government has filed a response (Docket #275) to which Ferguson has replied (Docket #281). This matter is now ripe for adjudication. For the reasons that follow Ferguson's Motion is DENIED.

**BACKGROUND**

The Bowling Green/Warren County Drug Task Force and the Bureau of Alcohol, Tobacco, Firearms, and Explosives initiated an investigation into drug trafficking activity centered around the Fadz 4 Dayz Barber Shop in Bowling Green Kentucky. Richard Cox and Jerome Shanklin worked as barbers at Fadz 4 Dayz. Law enforcement learned that Cox and Shanklin were selling cocaine, crack cocaine, and marijuana from Fadz 4 Days. Law enforcement also learned that Ferguson was a major drug supplier in the Bowling Green area and was serving as Cox's source of supply.

On January 26, 2006, law enforcement began Title III interceptions from video cameras placed inside Fadz 4 Dayz pursuant to a Court Order. The Title III interceptions continued until February 17, 2006. On February 1, 2006, the Title III interception captured Shanklin selling approximately a 1/2 kilogram of cocaine to Derrick Lander. Lander paid Shanklin with a large wad

of money that he placed in a Nike shoe box. Approximately thirty minutes later, Ferguson arrived at Fadz 4 Dayz driving a black sport utility vehicle (SUV). Shanklin placed the Nike shoe box in Ferguson's SUV.

On February 8, 2006, the Title III interception captured a conversation between Cox and Shanklin. Cox stated that he had been receiving "work," a slang term for cocaine, from Ferguson and that he had been cooking it into crack cocaine, obtaining approximately ninety-five grams of crack cocaine.

On May 3, 2006, a Federal Grand Jury indicted Ferguson and other co-defendants on various narcotics related charges. Specifically, Ferguson was charged with conspiring to manufacture fifty grams or more of crack cocaine, conspiring to distribute fifty grams or more of crack cocaine, conspiring to distribute cocaine, conspiring to distribute marijuana, manufacturing fifty grams or more of crack cocaine, and distributing 500 grams or more of cocaine. A federal arrest warrant issued for Ferguson following his indictment on these charges.

On May 15, 2006, law enforcement officials attempted to arrest Ferguson pursuant to the federal arrest warrant at 2946 Mt. Lebanon Church Road. Law enforcement officials observed a vehicle associated with Ferguson in the driveway of the residence. Police saw pieces of mail bearing Ferguson's name in plain view in this vehicle. Police knocked on the residence door and announced their presence. They observed an individual peek through the blinds at the residence and heard music coming from inside the house but no one came to the door. Police maintained surveillance on the residence for approximately forty minutes but then left in order to execute another arrest warrant.

Shortly thereafter, the Kentucky State Police received a call from a neighbor stating that

Ferguson had just left the residence and entered a red Dodge pickup truck towing a trailer. Trooper Terry Alexander stopped the red pickup in which Ferguson was a passenger. Trooper Alexander arrested Ferguson on the outstanding federal arrest warrant.

Trooper Alexander searched Ferguson incident to his arrest. The officer found a live 12-gauge shotgun shell in Ferguson's front pants pocket. A review of Ferguson's criminal history revealed that he had two prior felony convictions in Warren Circuit Court for Trafficking in a Controlled Substance.

Later that same day, law enforcement requested a search warrant for Ferguson's residence. A Warren Circuit Court Judge issued a search warrant for Ferguson's residence on 2946 Mt. Lebanon Church Road in Bowling Green, Kentucky.[1] The search warrant permitted the officers to seize 12-gauge shotgun shells, a 12-gauge shotgun, and documentation regarding the purchase of a 12-gauge shotgun. Law enforcement officers searched Ferguson's residence that same day pursuant to the Warren Circuit Court Search Warrant. They seized $5011 in United States currency, five shotgun shells, a baggie containing marijuana, a safe deposit key, various documents, four rifle rounds of ammunition, four surveillance cameras, and one JVC television. Additionally, the officers observed personal items which included, but are not limited to, clothing, sports memorabilia, and jewelry.

On July 12, 2006, the Grand Jury returned a superseding indictment. The superseding indictment charged Ferguson and several other individuals with multiple drug offenses. Among other things, Ferguson stands indicted for conspiring to manufacture fifty grams or more of crack cocaine, conspiring to distribute fifty grams or more of crack cocaine, conspiring to distribute

---

[1] Ferguson's residence at 2946 Mt. Lebanon Road was actually in Alvaton, Kentucky.

3

cocaine, and conspiring to distribute marijuana. The conspiracy count provides a time frame of June 1, 2003 through February 17, 2006.

On November 21, 2006, Ferguson filed a motion to suppress the search of his residence. The Court conducted a hearing on the motion on January 3, 2007. The Court issued an Order denying the motion to suppress in part and granting the motion to the extent that law enforcement officials took documents not related to firearm ownership.

### ANALYSIS

Ferguson claims that the marijuana and approximately $5000 in United States currency seized from his residence pursuant to the search warrant should be excluded from introduction during trial. He argues that the evidence is not relevant to the charges against him.

Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence which is not relevant is inadmissible. FED. R. EVID. 402.

Ferguson has been charged with conspiring to distribute marijuana. Although the marijuana was found after the conspiracy time frame and is of a small quantity, Ferguson's access to marijuana remains relevant to the charges against him.

Large quantities of cash are often associated with drug trafficking. *See United States v. Thomas*, No. 88-6341, 1989 WL 72926 at *1 (6th Cir. July 5, 1989). At this time, the Court can not say that the approximately $5000 in United States currency seized from Ferguson's residence is not relevant to the charges against him. Ferguson's arguments concerning the purposes behind the currency are best left for the jury's consideration.

4

## CONCLUSION

For the foregoing reasons Ferguson's Motion in Limine is DENIED.