UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:06CR-24-R

UNITED STATES v. COREY FERGUSON

# JURY INSTRUCTIONS

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2007 JUN 12  AM 11: 53

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

A Defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

## INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5

### Conspiracy (Count 1)

Count 1 of the Superseding Indictment accuses the Defendant of a conspiracy to commit the crime of Manufacturing a Mixture or Substance containing Cocaine Base (commonly known as "crack"); Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing Cocaine Base (commonly known as "crack"); Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine; and Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing a Detectable Amount of Marijuana in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the Defendant guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to:

a. Manufacture a Mixture or Substance Containing Cocaine Base (commonly known as "crack"),

OR

b. Possess with Intent to Distribute or Distribute a Mixture or Substance Containing Cocaine Base (commonly known as "crack"),

OR

c. Possess with Intent to Distribute or Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine,

OR

d. Possess with Intent to Distribute or Distribute a Mixture or Substance Containing a Detectable Amount of Marijuana.

Second, that the Defendant knowingly and voluntarily joined the conspiracy.


The crime of Manufacturing a Mixture or Substance Containing Cocaine Base (commonly known as "crack") has the following elements:

First, that a person knowingly and intentionally manufactured a controlled substance; and

Second, that the substance was in fact cocaine base.


The crime of Possession with Intent to Distribute a Mixture or Substance Containing Cocaine Base (commonly known as "crack") has the following elements:

First, that a person knowingly possessed a controlled substance;

Second, that the substance was in fact cocaine base; and

Third, that the person possessed the substance with the intent to distribute it.


The crime of Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine has the following elements:

First, that a person knowingly possessed a controlled substance;

Second, that the substance was in fact cocaine; and

Third, that the person possessed the substance with the intent to distribute it.

The crime of Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Marijuana has the following elements:

First, that a person knowingly possessed a controlled substance;

Second, that the substance was in fact marijuana; and

Third, that the person possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**INSTRUCTION NO. 6**

**Conspiracy (Count 1)**
**Agreement**

With regard to the first element - a criminal agreement - the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Manufacturing a Mixture or Substance Containing Cocaine Base (commonly known as "crack"); Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing Cocaine Base (commonly known as "crack"); Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine; or Possession with Intent to Distribute or to Distribute a Mixture or Substance Containing a Detectable Amount of Marijuana.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two people, to cooperate with each other to commit the crime. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 7

### Conspiracy (Count 1)
### Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that the Defendant knowingly and voluntarily joined that agreement. You must consider the Defendant separately in this regard. To convict the Defendant, the Government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined a conspiracy. But without more they are not enough.

What the Government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

**INSTRUCTION NO. 8**

**Conspiracy**
**Unindicted, Unnamed, or Separately Tried Co-Conspirators**

Now some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

## INSTRUCTION NO. 9

### Inferring Required Mental State

Next I want to say something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 10

### Aiding and Abetting the Manufacture of Cocaine Base
### (commonly known as "crack")
### (Count 17)

Title 18, United States Code, Section 2 makes it a crime for anyone to aid and abet the commission of a crime. Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly and intentionally manufacture a mixture or substance containing cocaine base (commonly referred to as "crack").

For you to find the Defendant guilty of Count 17, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 17 as an aider and abettor, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First, that a person knowingly and intentionally manufactured a mixture or substance containing cocaine base (commonly known as "crack") on or about and between January 28, 2006, and February 8, 2006;

Second, that the substance was in fact cocaine base;

Third, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; and

Fourth, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the

Government has proved that he was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of Count 17 as an aider and abettor.

## INSTRUCTION NO. 11

### Aiding and Abetting the Distribution of Cocaine
### (Count 18)

Title 18, United States Code, Section 2 makes it a crime for anyone to aid and abet the commission of a crime.  Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly and intentionally distribute a mixture or substance containing cocaine.

For you to find the Defendant guilty of Count 18, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

But for you to find the Defendant guilty of Count 18 as an aider and abettor, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First, that a person knowingly and intentionally distributed a mixture or substance containing cocaine on or about February 1, 2006;

Second, that the substance was in fact cocaine;

Third, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; and

Fourth, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help the crime with

the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of Count 18 as an aider and abettor.

**INSTRUCTION NO. 12**

The Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 13

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 14**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

**INSTRUCTION NO. 15**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

## INSTRUCTION NO. 16

### Testimony of a Witness Under Grant of Reduced Criminal Sentence

You have heard that the Government has promised certain witnesses that it may recommend a reduced punishment in exchange for their cooperation.

It is permissible for the Government to make such a promise. But you should consider this testimony with more caution than the testimony of other witnesses. Consider whether this testimony may have been influenced by the Government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

## INSTRUCTION NO. 17

### Impeachment by Prior Inconsistent Statement Not Under Oath

You have heard that before this trial certain witnesses made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable the witness' testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating the testimony here in court.

## INSTRUCTION NO. 18

### Impeachment of a Witness Other than Defendant by Prior Conviction

You have heard that before this trial certain witnesses were convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable the witness' testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**INSTRUCTION NO. 19**

**Testimony of an Addict Informant / Cooperating Witness**

You have heard that certain witnesses were using controlled substances during the times that they testified about.

You should consider this testimony with more caution than the testimony of other witnesses. An addict may have a constant need for drugs and money to buy drugs, and may also have a greater fear of imprisonment because his supply of drugs may be cut off.  Think about these things and consider whether this testimony may have been influenced by the witness' use or need for controlled substances.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

## INSTRUCTION NO. 20

### Testimony of an Accomplice

You have heard the testimony of certain witnesses who may have been involved in the same crime that the Defendant is charged with committing. You should consider this testimony with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that these witnesses have plead guilty to the crime is not evidence that the Defendant is guilty and you cannot consider this against the Defendant in any way.

## INSTRUCTION NO. 21

### Number of Witnesses

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 22

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. 23**

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 24

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 25

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

## INSTRUCTION NO. 26

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 27

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 28

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 29**

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.