UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-24-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

COREY FERGUSON                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Corey Ferguson's Motion for a New Trial (Docket #436). The Government has filed a response (Docket #444) to which Ferguson has replied (Docket #447). This matter is ripe for adjudication. For the reasons that follow, Ferguson's Motion is DENIED.

**BACKGROUND**

On June 12, 2007, following a four and one-half day trial, the jury returned guilty verdicts against Ferguson on two charges. The jury found Ferguson guilty of Count One of the Superseding Indictment, conspiring to possess with the intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846. The jury returned a special verdict form indicating that the quantity of cocaine was greater than 500 grams but less than 5 kilograms. Additionally, the jury found Ferguson guilty of Count Eighteen of the Superseding Indictment, aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The jury's special verdict form indicated a quantity of 500 grams or more of cocaine.

Within seven days of the verdicts, Ferguson filed motions for a judgment notwithstanding the verdict pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial

pursuant to Federal Rule of Criminal Procedure 33. These motions were denied on October 13, 2007.

On September 17, 2007, co-defendant William Downey was sentenced. Downey had previously pled guilty on July 6, 2006. During the sentencing, the prosecutor motioned the Court pursuant to Section 5K1.1 of the federal sentencing guidelines and 18 U.S.C. § 3553(e) for a downward departure. The Court granted the motion and sentenced Downey below the mandatory minimum sentence of 21 U.S.C. § 841(a)(1).

By letter dated October 23, 2007, the prosecutor advised defense counsel that she had recently learned that an offer of consideration for trial testimony had been made to Downey in the trial of Ferguson. The prosecutor explained that she had conducted additional investigation and learned that the Assistant United States Attorney formerly assigned to the case had informed Downey that he would be considered for a sentence less than the statutory minimum if he testified truthfully during any trial in the matter.

Ferguson filed the present motion on December 20, 2007.

## STANDARD

Federal Rule of Criminal Procedure 33(1) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision to grant or deny the motion rests within the trial court's sound discretion. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). "The defendant bears the burden of proving that a new trial should be granted." *Id.*

2

## DISCUSSION

**I.    *BRADY* MATERIAL**

In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court imposed upon the prosecution in a criminal case the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "[T]his disclosure obligation includes evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999). To obtain relief for a non-disclosure, a defendant must show that "(1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; and (3) the evidence presented a reasonable probability that the outcome of the proceedings would have been different." *United States v. Winston*, 55 Fed. Appx. 289, 297 (6th Cir. 2003) (citing *Schledwitz*, 169 F.3d at 1011-12). Good faith or bad faith of the prosecution regarding a failure to disclose is irrelevant. *Brady*, 373 U.S. at 87.

The Government concedes that the first and second prongs of the *Schledwitz* test have been met but argues that Ferguson cannot satisfy the third prong. The Government argues that Ferguson has failed to show that the evidence that Downey was promised some consideration for truthful trial testimony created a reasonable probability that the outcome of the proceedings would have been different.

At trial, Downey testified that he had known Ferguson since 1994 and that the two did not get along well.[1] Downey testified that he was involved in a drug transaction with Ferguson; stating that he never bought drugs directly from Ferguson, but that he went through a middleman. Downey

---

[1] During voir dire, the prosecutor read Downey's name as a witness to be called.

described two occasions in January of 2006 in which he and the middleman bought twelve ounces of powder cocaine from Ferguson to be split between the two. Downey described the phone conversations he heard between the middleman and Ferguson and stated that he had told the middleman to tell Ferguson that half of the order was for Downey. Downey testified that the drugs seized by the police when they came to his apartment in early February were from Ferguson.

The Government introduced Downey's Plea Agreement as an exhibit during trial. The prosecutor went through the Plea Agreement with Downey as well as his expectations regarding sentencing. Downey acknowledged that nothing in the written Plea Agreement promised him a sentence less than twenty years. On cross-examination, defense counsel specifically inquired as to Downey's hope that he would receive a sentence below twenty years. Downey agreed that he was testifying because he hoped to get a 5K1 reduction. On re-direct, Downey stated that he did not want to testify. Downey stated in response to the prosecutor's questioning that there was no promise of a 5K1 and that the best he could hope for was a twenty year sentence.

In addition to Downey, the Government called eleven other witnesses. Of the twelve witnesses, six testified concerning their knowledge of Ferguson's drug dealings. Three of these six were co-defendants in this case while the other three were defendants in other federal criminal cases. Several testified concerning in-person, hand-to-hand drug transactions with Ferguson. Of particular note, the jury heard testimony from co-conspirator Jerome Shanklin concerning a half-kilogram powder cocaine deal on February 1, 2006. The jury viewed videotapes and cellular telephone records that corroborated Shanklin's testimony concerning the deal on February 1, 2006. The jury found Ferguson guilty of Count 18, covering the February 1, 2006 transaction. The jury also found Ferguson guilty of the conspiracy charge covering that time period.

Based on this evidence, the Court finds that Ferguson has failed to show that the evidence that Downey was promised some consideration for truthful trial testimony created a reasonable probability that the outcome of the proceedings would have been different.

## II.     PROSECUTORIAL MISCONDUCT

Courts employ a two step approach to determine whether prosecutorial misconduct warrants a new trial; first the court must determine whether a prosecutor's conduct and remarks were improper, and then the court must determine whether the impropriety amounts to reversible error. *Girts v. Yanal*, 501 F.3d 743, 758-59 (6th Cir. 2007) (citing *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994)). To determine whether the impropriety warrants reversal, the Court examines four factors:

> (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.

*Id.* at 759 (quoting *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)). When reviewing a challenge to a prosecutor's comments at trial, the comments will be examined within the context of the trial to determine whether such comments amounted to prejudicial error. *Id.*

Here, although the prosecutor's statements may have been incorrect they did not concern a central issue in the case. *Cf. id.* Although the prosecutor asked Downey five questions concerning his hoped for sentence and the supposed lack of an agreement during re-direct examination, these were asked in succession. The Court does not consider this extensive questioning concerning the subject. After examining the record before it, this Court finds no evidence that the remarks were deliberately made. The evidence before this Court confirms that the prosecutor learned of the agreement for the first time at Downey's sentencing hearing. Additionally, as outlined above, the

5

Court finds that there was strong evidence against Ferguson irrespective of Downey's testimony.

Therefore, this Court finds that these factors do not weigh in favor of reversal.

## CONCLUSION

For the foregoing reasons, Ferguson's Motion for a New Trial is DENIED.

An appropriate order shall issue.